**Marie ROEBUCK et al., Plaintiffs-Appellants,**

v.

**FLORIDA DEPARTMENT OF HEALTH & REHABILITATIVE SERVICES, INC., et al., Defendants-Appellees.**

No. 74-2360
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Oct. 11, 1974.

Rehearing Denied Nov. 6, 1974.

* Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

Kent Spriggs, Tallahassee, Fla., Robert P. Roberts, Nat. Employment Law Project, Dennis R. Yeager, New York City, for plaintiffs-appellants.

James G. Mahorner, Gen. Counsel, Mary E. Clark, Gen. Counsel, Tallahassee, Fla., for defendants-appellees.

Before COLEMAN, DYER and RONEY, Circuit Judges.

**PER CURIAM:**

Plaintiffs bring this suit as a class action seeking redress for alleged violations of the Fourteenth Amendment to the United States Constitution and the Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq. The defendants are state institutions and officials. The theory of the action is that plaintiffs have been wrongfully classified as "handicapped trainees" and as a result of such classification have been paid subminimum wages by the state. By means of injunctive relief, the plaintiffs seek to require the state defendants to comply with the certification and pay requirements of the Fair Labor Standards Act, 29 U.S.C.A. § 214(c) (June 1974 Supp.), *formerly* 29 U.S.C.A. § 214(d) (1974 Supp.). In addition, the plaintiffs seek back wages, attorney's fees, and other appropriate relief.

On the defendants' motion, the District Judge dismissed the action with prejudice against all state defendants on the authority of Employees, etc. v. Missouri Public Health Department, 411 U.S. 279, 93 S.Ct. 1614, 36 L.Ed.2d 251 (1973).

The appellees concede that *Employees* does not preclude a proceeding for injunctive relief. We have repeatedly held that a motion to dismiss a complaint cannot be properly granted if it alleges facts which would entitle plaintiffs to any relief. Cook & Nichol, Inc. v. Plimsoll Club, 451 F.2d 505 (5th Cir. 1971) and numerous other cases cited therein.

The appellees argue that the dismissal can be sustained on several other grounds: lack of standing of plaintiffs to bring the action, mootness, restrictions in the Fair Labor Standards Act against the injunctive relief sought by plaintiffs, and non-joinder of indispensable parties. Although some of these contentions may have been addressed to the District Court, it is apparent some were not. In any event, they have not been ruled upon and we decline to consider arguments not first decided by the District Court.

It being clear that the complaint should not have been dismissed on the authority of *Employees*, we vacate the order of dismissal and remand the cause to the District Court for further proceedings. This order relates only to the two plaintiffs who appealed to this Court and to the defendants named in the notice of appeal.

Vacated and remanded.